UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRANT,<br><br>       Plaintiff,<br><br>  vs.<br><br>COMMONWEALTH EDISON COMPANY,<br><br>       Defendant. | Case No. 1:13-cv-08310<br><br>Honorable Gary S. Feinerman |

**DEFENDANT COMMONWEALTH EDISON COMPANY'S**
**<u>MOTION TO DISMISS</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Commonwealth Edison Company ("ComEd") respectfully moves to dismiss Plaintiff Michael Grant's ("Plaintiff") Complaint. In support of its Motion, and as further explained in the accompanying Memorandum of Law, ComEd states:

1. Plaintiff alleges that ComEd violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. ("TCPA"), by allegedly sending him a single text message on November 7, 2013, which introduced him to ComEd's Power Outage Alert Program (the "Program"), a two-way text messaging program designed to provide ComEd customers with the ability to both report power outages to ComEd by text and to receive from ComEd by text both power outage and restoration information, and offered him an opportunity to opt out of future Program messages. Plaintiff's claim is barred for two reasons.

2. First, Plaintiff's claim is barred because he consented to receive the text message at issue by providing his cell phone number as his primary point of contact. The TCPA expressly exempts from liability automated calls or texts to cell phones "made with the prior

express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Although Plaintiff alleges that he never "opted in" to the Program, opting in to receive a particular type of communication is not the standard for determining consent under the TCPA. Rather, the FCC has made plain that, where a person provides his wireless number as a point of contact in a business relationship (as Plaintiff did here), he consents to receive calls relating to the business relationship, including text messages, at that number. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992) ("1992 TCPA Order"). Here, the communications at issue related directly to Plaintiff's electric power service. Plaintiff does not allege that ComEd improperly obtained his wireless number, or that he did not voluntarily provide his wireless number to ComEd. Nor could Plaintiff make such allegations, as ComEd obtained his wireless number from him when he provided it to ComEd as his primary contact number regarding his electric service. *See* Def. Br. at 1-2, 7-11.

3. Second, Plaintiff's claim is barred because the text message at issue falls squarely within the emergency purpose exemption under the TCPA. The TCPA expressly exempts from liability automated calls or texts to cell phones "made for emergency purposes." 47 U.S.C. § 227(b)(1)(A)(iii). Both Congress (when it was enacting the TCPA) and the FCC (in issuing implementing rulings and orders on the scope of the TCPA) specifically and expressly referenced outage-related automated calls from power companies as communications that would fall within the emergency purpose exemption. Indeed, the FCC explicitly determined that prerecorded calls that alert utility customers to "service outages, to warn customers of discontinuance of service, [ ] to read meters for billing purposes . . . [and] to contact a party designated by the customer in the event that a delinquent bill or a service outage threatens interruption of the customer's service" were "within either the broad exemption for emergency

calls, or the exemption for calls to which the called party has given prior express consent." 1992 TCPA Order, 7 FCC Rcd. at 8777-78. The text message at issue in this case falls within the exemption because it was a necessary first step both to make ComEd customers aware of the means of future communication and to prevent customer confusion as to future outage-related text messages. *See* Def. Br. at 2, 11-15.

4. Plaintiff's claim in this case attacks a beneficial program that does nothing but advance public safety by providing an efficient two-way means of delivering emergency power outage-related information. The TCPA's steep statutory damages were not enacted to punish the kinds of public service communications challenged here, but rather to curb telemarketing abuse. Fortunately for the millions of ComEd customers helped by the outage alert text messages, Plaintiff's claim is barred because, as the FCC has stated plainly, outage-related communications by power companies are "***within either the broad exemption for emergency calls, or the exemption for calls to which the called party has given prior express consent.***" 1992 TCPA Order, 7 FCC Rcd. at 8777-78 (emphasis added). Accordingly, whether by virtue of the emergency purpose exemption or the fact that Plaintiff consented to receive the text message at issue, Plaintiff has failed to state a claim under the TCPA and his Complaint should be dismissed. *See* Def. Br. at 5-6, 15.

WHEREFORE, for the foregoing reasons, and as more fully explained in the accompanying Memorandum of Law, Plaintiff's Complaint should be dismissed with prejudice.

Dated: February 21, 2014

Respectfully submitted,

/s/ Leslie D. Davis
Leslie D. Davis (ARDC No. 6229110)
Leslie.Davis@dbr.com
**Drinker Biddle &Reath LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698

3

Tel: (312) 569-1000
Fax: (312) 569-3000

Seamus C. Duffy, *pro hac to be filed*
Tara S. Sarosiek, *pro hac to be filed*
**Drinker Biddle &Reath LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Counsel for Defendant*
Commonwealth Edison Company