# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| MICHAEL GRANT, individually and on behalf of all others similarly situated, | Case No. 1:13-cv-8310 |
| *Plaintiff*, | Honorable Gary Feinerman, District Judge |
| *v.* |  |
| COMMONWEALTH EDISON COMPANY, an Illinois Corporation, |  |
| *Defendant*. |  |

## DEFENDANT COMMONWEALTH EDISON COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Commonwealth Edison Company ("ComEd"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8(b), answers the Complaint of Plaintiff Michael Grant ("Plaintiff") as follows. Any allegations that are not specifically admitted herein are denied.

## NATURE OF THE ACTION

1.      Defendant ComEd is the largest electric utility company in Illinois and provides electricity to nearly 4 million consumers.

**ANSWER:** ComEd admits the allegations contained in paragraph 1.

2.      In an effort to promote its brand, Defendant ComEd sent (or directed to be sent on its behalf) unsolicited text message advertisements to Plaintiff's and the putative Class members' cell phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** ComEd denies the allegations contained in paragraph 2.

3.      Neither Plaintiff Grant, nor the other members of the Class, ever consented to have Defendant send the text messages at issue to their cell phones.

**ANSWER:** ComEd denies the allegations contained in paragraph 3.

4.      By sending the text messages at issue, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages and monies paid to their wireless carriers for the receipt of such messages.

**ANSWER:** ComEd denies the allegations contained in paragraph 4.

5.      In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text message activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonably attorneys' fees.

**ANSWER:** ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

## PARTIES

6.      Plaintiff Michael Grant is a natural person and a citizen of the State of Illinois.

**ANSWER:** ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.      Defendant Commonwealth Edison Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 440 S. LaSalle Street, Chicago, Illinois.

**ANSWER:** ComEd admits the allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over the claims in this action pursuant to 28

U.S.C. § 1331 because they arise under the Telephone Consumer Protection Act, 47 U.S.C. §

227, which is a federal statute.

**ANSWER:**    Paragraph 8 contains conclusions of law to which no response is required.

To the extent a response is required, the allegations set forth in Paragraph 8 are denied.

9.      The Court has personal jurisdiction over Defendant and venue is proper in this

District because Defendant is incorporated in the State of Illinois and headquartered in this

District, Defendant transacts significant amounts of business within this District, and the conduct

and events giving rise to Plaintiff's claims arose in this District.  Venue is additionally proper

because Plaintiff resides here.

**ANSWER:**  ComEd admits that it is incorporated in the State of Illinois and

headquartered in Chicago, IL, it transacts business within the State of Illinois, and the conduct

and events giving rise to Plaintiff's claims arose in the State of Illinois.  The remaining

allegations in Paragraph 9 are conclusions of law to which no response is required and ComEd

therefore denies the same.

## COMMON FACTUAL ALLEGATIONS

10.      In recent years, companies who have often felt stymied by federal laws limiting

solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative

technologies through which to send bulk solicitations cheaply.

**ANSWER:**  ComEd lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 10 and therefore denies the same.

11.     One of the most prevalent alternatives is through so-called Short Message Services.  Short Message Service or "SMS" is a messaging system that allows for the transmission and receipt of short text message calls (usually no more than 160 characters) to and from cellular telephones.

**ANSWER:**  ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.     SMS message calls are directed to a wireless device using the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.  As cellular telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

**ANSWER:**  ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13.     According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."  In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."  Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited November 18, 2013).

**ANSWER:**  ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.     Unlike more conventional messaging systems, SMS message advertisements can actually costs their recipients money because cell phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

**ANSWER:**  ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.     In or around January 2012, ComEd created the "Outage Alert" mobile messaging program.

**ANSWER:**  ComEd denies the allegations contained in paragraph 15.

16.     According to ComEd's website, individuals who opt in to the Outage Alert program will receive text messages regarding power outages in their area.

**ANSWER:**  ComEd admits the allegations contained in paragraph 16.

17.     There are two ways to opt in to ComEd's Outage Alert program: online or via text message.

**ANSWER:**  ComEd admits that customers can opt in online or via text to the Outage Alert program.

18.     To opt in online, individuals must navigate to www.ComEd.com/text and enroll by (1) entering either their ComEd account number, social security number, or phone number associated with their ComEd account, and (2) clicking the "Enroll" button.

**ANSWER:**  ComEd admits that to opt in online, ComEd customers must navigate to www.ComEd.com/text and follow the directions.

19.     To opt in via text message, customers must text the phrase "ADD OUTAGE" to "26633."

**ANSWER:** ComEd admits the allegations contained in paragraph 19.

20.     Rather than wait for individuals like Plaintiff Grant to subscribe to its Outage Alert program, ComEd unilaterally enrolled thousands of Illinois residents without their consent or permission and transmitted, or had transmitted on its behalf, the same or substantially the same text messages to them *en masse*.

**ANSWER:** ComEd denies the allegations contained in paragraph 20.  By way of further response, ComEd customers who previously provided ComEd with their cell phone numbers as a point of contact were automatically enrolled in the Outage Alert program on September 20 and 21, 2013 and November 7 and 8, 2013.

21.     For example, and notwithstanding that Plaintiff Grant never opted into the Outage Alert program (either online or via text message), he received the following text message from ComEd on his cell phone on or around November 7, 2013:

> You are now subscribed to ComEd outage alerts.  Up to 21 msgs/mo.  Visit ComEd.com/text for details.  T&C:agent511.com/tandc.  STOP to unsubscribe. HELP for info.

**ANSWER:** ComEd admits that Plaintiff did receive the stated text message on his phone on or around November 7, 2013, but denies that it was without his consent.

22.     The "from" field of the text message was identified cryptically as "26633," which is an abbreviated telephone number known as an SMS short code.

**ANSWER:**    ComEd lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.     However, Plaintiff Grant was never enrolled in the Outage Alert program and never consented to receive text messages sent from or on behalf of ComEd.  To be clear, at no

time did Plaintiff Grant subscribe to the Outage Alert program online or send any text message to

"26633" (or any other short code owned or associated with ComEd).

**ANSWER:** ComEd denies the allegations in Paragraph 23. By way of further response,

Plaintiff consented to receive text messages on his cell phone sent from or on behalf of ComEd.

24.     The text messages at issue were not sent for emergency purposes. Indeed, the text

messages didn't provide notification of an outage or emergency of any kind.

**ANSWER:** ComEd denies the allegations contained in paragraph 24. By way of further

response, the text messages at issue were sent as part of ComEd's Outage Alert program

designed to alert customers to emergency situations.

25.     Instead, the text messages at issue were sent to "maximize subscriber

satisfaction."

**ANSWER:** ComEd denies the allegations contained in paragraph 25.

26.     Defendant sent the text messages at issue to Plaintiff and thousands of putative

Class members using equipment that had the capacity to store or produce telephone numbers to

be called using a random or sequential number generator, and to dial such numbers.

**ANSWER:** Paragraph 26 contains conclusions of law to which no response is required.

To the extent a response is required, the allegations set forth in Paragraph 26 are denied.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows: All individuals in

the United States who received the following text message without providing their prior express

consent:

> You are now subscribed to ComEd outage alerts.  Up to 21 msgs/mo.  Visit ComEd.com/text for details.  T&C:agent511.com/tandc.  STOP to unsubscribe. HELP for info.

**ANSWER:**  Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 27 are denied.

28.     **Numerosity:**  The exact number of Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable.  On information and belief, Defendant has sent text messages to tens of thousands of consumers who fall into the definition of the Class.  Class members can be identified through Defendant's records.

**ANSWER:**  Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 28 are denied.

29.     **Typicality:**  Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messages.

**ANSWER:**  Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 29 are denied.

30.     **Adequate Representation:**  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.  Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

**ANSWER:**  Paragraph 30 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 30 are denied.

31.     **Commonality and Predominance:**  There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class.  Common questions for the Class

include, but are not necessarily limited to the following:

> (a)      whether Defendant's conduct constitutes a violation of the TCPA;

> (b)      whether the equipment Defendant used to transmit the text messages in

question was an automatic telephone dialing system as contemplated by the TCPA; and

> (c)      whether Class members are entitled to treble damages based on the

willfulness of Defendant's conduct.

**ANSWER:**  Paragraph 31 contains conclusions of law to which no response is required.

To the extent a response is required, the allegations set forth in Paragraph 31 are denied.

32.      **Superiority:**  The case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy as joinder of all parties is impracticable.  The damages suffered by the

individual members of the Class will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct.  Even if members of the Class could sustain such individual

litigation, it would still not be preferable to a class action, because individual litigation would

increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint.  By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single Court.  Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

**ANSWER:** Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is required, the allegations set forth in Paragraph 32 are denied.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** ComEd incorporates the proceeding paragraphs of this Answer as if set forth herein at length.

34. Defendant and/or its agents sent unsolicited text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class *en masse* without their prior express consent.

**ANSWER:** ComEd denies the allegations contained in paragraph 34.

35. Defendant sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, or to dial such numbers.

**ANSWER:** ComEd denies the allegations contained in paragraph 35.

36. Defendant utilized equipment that sent the text messages to Plaintiff and other members of the Class simultaneously and without human intervention.

**ANSWER:** ComEd denies the allegations contained in paragraph 36.

37. By sending the unsolicited text messages to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, the members of the Class suffered actual damages in the form of monies paid to receive the

10

unsolicited text messages on their cellular phones and under section 227(b)(3)(B) are each

entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER:** ComEd denies the allegations contained in paragraph 37.

38.     Should the Court determine that Defendant's conduct was willful and knowing,

the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages

recoverable by Plaintiff and the other members of the Class.

**ANSWER:** ComEd denies the allegations contained in paragraph 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Grant, individually and on behalf of the Class, prays

for the following relief:

1.     An order certifying the Class as defined above, appointing Plaintiff Michael Grant

as the representative of the Class, and appointing his counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendant to cease all unsolicited text message activities,

and otherwise protecting the interests of the Class;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such other and further relief that the Court deems reasonable and just.

**ANSWER:** ComEd denies that Plaintiff is entitled to the relief requested in the

"wherefore" clause in the "Prayer for Relief" section of the Complaint, including all subparts

thereof.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of

proof or persuasion that would otherwise rest on Plaintiff, ComEd asserts the following

affirmative defenses to Plaintiff's claims. ComEd reserves the right to amend or supplement the following affirmative defenses, including without limitation, the right to amend as information is gathered through discovery regarding Plaintiff and/or putative Class members, and/or in the event any of the claims set forth in the Complaint are certified for class treatment.

1.     The Complaint, and each cause of action and allegation therein, fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

2.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, because they consented to any text messages on their cellular telephones.

3.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, because they were not charged for any text messages.

4.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, because the text messages were not sent using an automatic telephone dialing system.

5.     Plaintiff's claims, as well as those of putative Class members, are barred in whole or in part, based on the emergency purpose exemption of the TCPA.

6.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the primary jurisdiction doctrine.

7.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the doctrine of laches and are otherwise time barred.

8.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the doctrine of release.

9.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

10. Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the doctrine of waiver and/or ratification.

11. Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, for lack of standing.

12. Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the doctrine of recoupment and/or set-off. ComEd is entitled to offset and recoup against any judgment that may be entered for Plaintiff and/or any member of the putative Class for all obligations owing to ComEd, including but not limited to any unpaid account balances and/or any damages incurred in connection with any termination of contracts between ComEd and Plaintiff and/or any member of the putative Class.

13. Any award to Plaintiff and/or putative Class members in this action would constitute unjust enrichment.

14. Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in applicable agreements with ComEd or set forth in applicable tariffs.

15. Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, because any alleged damages were not caused by ComEd but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which ComEd is not responsible. To the extent Plaintiff and/or putative Class members claim they suffered any injury or damages, which ComEd denies, their claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

16. Plaintiff's claims are barred, in whole or in part, because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed

class does not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability.

17.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a proper representative to bring this action on behalf of any proposed class.

18.     Plaintiff's claims, as well as those of putative Class members, are barred, in whole or in part, because ComEd did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

19.     To the extent Plaintiff or the putative Class seek recovery of attorney's fees, such fees are not recoverable under the Telephone Consumer Protection Act of 1991.

20.     Defendant expressly reserves the right to assert additional affirmative defenses or counterclaims that may come to light as the action progresses.

## PRAYER FOR RELIEF

WHEREFORE, ComEd respectfully prays for judgment as follows:

1.  That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor

    of ComEd;

2.  That Plaintiff and any member of the putative class take nothing by the Complaint;

    and

3.  That ComEd be awarded such other and further relief as the Court deems just and

    proper.

Dated:  June 25, 2014

/s/ Leslie D. Davis
Leslie D. Davis (ARDC No. 6229110)
Leslie.Davis@dbr.com
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

Seamus C. Duffy
Seamus.Duffy@dbr.com
Tara S. Sarosiek
Tara.Sarosiek@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Counsel for Defendant*
*Commonwealth Edison Company*

## CERTIFICATE OF SERVICE

I, Leslie D. Davis, hereby certify that, on the date set forth above, I caused a true and

correct copy of the foregoing *Answer and Affirmative Defenses* to be served via ECF filing upon

the following parties and counsel of record:

Jay Edelson
Ari J. Scharg
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

/s/ Leslie D. Davis

ACTIVE/ 75936074.3