# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GRANT, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 1:13-cv-8310 |
| *v.* | |
| COMMONWEALTH EDISON COMPANY, an Illinois corporation, | |
| *Defendant*. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Michael Grant ("Grant" or "Plaintiff"), the Settlement Class (as defined herein), and Defendant Commonwealth Edison Company ("ComEd" or "Defendant") (together, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     On November 19, 2013, Grant filed a putative class action against ComEd in the United States District Court for the Northern District of Illinois, captioned *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310 (the "Action"). Plaintiff's complaint alleged a single cause of action—that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by sending an unsolicited text message to its customers' cellular telephones regarding enrollment into its power outage alert program called the "Outage Alert

1

Program." (Dkt. 1.) Plaintiff alleged that the text message at issue was promotional in nature and did not actually alert customers of an actual or impending power outage.

      B.      Defendant thereafter moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that: (1) Plaintiff had consented to receiving the text message at issue on his cellular telephone by voluntarily providing his telephone number to ComEd as a primary point of contact, and (2) that the text message at issue falls within the TCPA's "emergency purpose" exemption, 47 U.S.C. § 227(b)(1)(A). (*See* Dkt. 15.)

      C.      Soon after the Court's entry of the case management schedule on February 5, 2014 (Dkt. 12), the Parties exchanged Rule 26(a)(1) disclosures and served written discovery on each other and on certain third parties. The Parties also informally exchanged documents and information relevant to their respective claims and defenses.

      D.      On April 2, 2014, following the filing of Plaintiff's response in opposition to Defendant's motion to dismiss (Dkt. 16), the Parties participated in a formal mediation session with the Honorable Wayne Andersen (Ret.) at JAMS. With Judge Andersen's guidance, the Parties engaged in numerous rounds of discussions regarding their respective claims and defenses; however, both Parties had strong viewpoints regarding the merits of the case, and although they made some progress, were unable to reach a settlement.

      E.      On June 4, 2014, after full briefing on the motion to dismiss, the Court denied the motion to dismiss, finding that Defendant's consent and emergency purpose defenses could not be resolved on the pleadings. (Dkt. 21.) Defendant thereafter answered the complaint and raised twenty (20) affirmative defenses. (Dkt. 22.)

      F.      Over the next six months, the Parties engaged in substantial class- and merits-related discovery, which included the production of tens of thousands of documents, as well as

the depositions of Plaintiff Grant, three (3) separate corporate representatives of ComEd, and a corporate representative of New Egg Media, LLC d/b/a Agent 511 (the third party company that ComEd engaged to manage the Outage Alert Program). Following the close of discovery on December 4, 2014, the Court directed the Parties to file cross-motions for summary judgment by January 19, 2015 and Plaintiff to file his motion for class certification by February 9, 2015. (Dkt. 35.)

G. In the weeks leading up to the January 19, 2015 dispositive motions deadline, the Parties—at Judge Andersen's suggestion—began revisiting the possibility of settlement, and jointly moved to extend the dispositive motions deadline to allow an opportunity to fully explore resolution. Although the Parties, which Judge Andersen's assistance, made significant progress toward a class-wide settlement, they were still unable to reach a settlement, but decided that a second mediation was warranted.

H. On February 19, 2015, the Parties participated in a second in-person mediation with Judge Andersen at JAMS. After another full day of mediation presided over by Judge Andersen, and additional rounds of negotiations, the Parties ultimately agreed on the material terms of this Settlement.

I. Plaintiff believes that the alleged violations of the TCPA asserted in the Action have merit, and that he would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class under Federal Rule of Civil Procedure 23, and in prevailing on the merits on summary judgment or at trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail and/or that a class might not be certified for trial. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex

3

actions, as well as the difficulty and delay inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Agreement.

J.      Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class, and that it is in the best interests of the Settlement Class members to settle the claims raised in the Action pursuant to the terms and conditions set forth in this Agreement.

K.      At all times, Defendant has denied, and continues to deny, any wrongdoing whatsoever.  Specifically, Defendant has denied that the text message at issue violates the TCPA or any other statute or law because the text message at issue provided important information customers needed in order to report outages to ComEd, which was an important part of the two-way Outage Alert Program.  ComEd also contends the text message at issue was made with the consent of its customers and that the message falls within the emergency purpose exemption of the TCPA.  In addition, Defendant maintains that it has meritorious defenses to class certification and to the claims alleged in the Action and is prepared to vigorously defend against them. Nevertheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Grant, the Settlement Class, and Defendant, by and through their respective counsel,

that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

1.     **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement, (b) fully and truthfully completed and executed, with all of the information requested in the Claim Form, and (c) physically signed or electronically verified by the Settlement Class Member.

1.2.     **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a claim pursuant to this Agreement, shall be available in paper and electronic format. The Claim Form will require each Settlement Class Member to include only the Settlement Class Member's (i) name, (ii) current address, (iii) cellular telephone number that received the Text Message, and (iv) affirmation that the Settlement Class Member received such Text Message without his or her prior express consent.

1.3.     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the settlement website established pursuant to Paragraph 4.1 to be

5

considered timely and shall be set as a date no later than fourteen (14) days before the Final

Approval Hearing. The Claims Deadline shall be clearly set forth in the order granting

Preliminary Approval and in the Final Judgment as well as in the Notice and the Claim Form.

      1.4.    **"Class Counsel"** means Jay Edelson, Rafey S. Balabanian, and Ari J. Scharg of

Edelson PC.

      1.5.    **"Class Representative"** means the named Plaintiff in this Action, Michael Grant.

      1.6.    **"Court"** means the United States District Court for the Northern District of

Illinois, the Honorable Gary Feinerman presiding, or any judge who shall succeed him as judge

in this Action.

      1.7.    **"Defendant"** means Commonwealth Edison Company, an Illinois corporation.

      1.8.    **"Defendant's Counsel"** means Seamus C. Duffy and Leslie D. Davis of Drinker

Biddle & Reath LLP.

      1.9.    **"Effective Date"** means the first business day after which all of the events and

conditions specified in Paragraph 9.1 have been met and have occurred.

      1.10.   **"Escrow Account"** means a separate interest-bearing escrow account to be

established by the Settlement Administrator, from which all payments out of the Settlement

Fund, including for Approved Claims made to Settlement Class Members, Settlement

Administration Expenses, any incentive award to the Class Representative, and any Fee Award

to Class Counsel. The Escrow Account shall be established under terms acceptable to Plaintiff

and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation

and that has total assets of at least five hundred million dollars ($500,000,000) and a short-term

deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). The money in the Escrow

Account shall be invested in the following types of accounts and/or instruments and no other:

(i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing the Escrow Account shall be deducted from the Settlement Fund. Any interest earned on the Escrow Account shall be considered part of the Settlement Fund.

1.11. **"Fee Award***"* means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel from the Settlement Fund.

1.12. **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award and/or incentive award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.13. **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, and the Court will determine the Fee Award, and the incentive award to the Class Representative.

1.14. **"Final Judgment"** means the Final Judgment and order(s) to be entered by the Court approving the Settlement Agreement and determining the Fee Award, and the incentive award to the Class Representative.

1.15.   **"Notice"** means the notice of this proposed Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits A, B, C, D and E attached hereto.

1.16.   **"Notice Date**" means the date by which notice is complete, which shall be a date no later than sixty (60) days after entry of Preliminary Approval.

1.17.   **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

1.18.   **"Parties"** means Plaintiff Michael Grant and the Settlement Class, on the one hand, and Defendant ComEd, on the other.

1.19.   **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.20.   **"Plaintiffs"** means Michael Grant and the Settlement Class Members, collectively.

1.21.   **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice, which will be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.22.   **"Released Claims"** means any and all actual, potential, filed, known or unknown,

fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of Text Messages including all claims that were brought or could have been brought in the Action relating to such Text Messages, belonging to any and all Releasing Parties.

1.23. **"Released Parties"** means Defendant ComEd, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

1.24. **"Releasing Parties"** means Plaintiffs who do not validly and timely request to be excluded from the proposed settlement (whether or not such Settlement Class Members submit claims) and all of their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and

legatees. To the extent a Settlement Class Member is not an individual, Releasing Parties also includes all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, and predecessors-in-interest.

1.25.  **"Settlement Administration Expenses"** means the expenses reasonably incurred by or on behalf of the Settlement Administrator in administering the Settlement, including any expenses relating to identifying addresses for certain members of the Settlement Class, providing certain aspects of the Notice, processing Claim Forms, and mailing checks for Approved Claims, as well as any expenses reasonably incurred in the sending of notice to the relevant governmental agencies pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1715) ("CAFA"), with all such expenses to be paid from the Settlement Fund.

1.26.  **"Settlement Administrator"** means Heffler Claims Group, LLC, selected by the Parties and approved by the Court, that shall provide certain aspects of the Notice to the Settlement Class, creation and hosting of the Settlement Website, and process and pay Approved Claims submitted by Settlement Class Members as set forth in this Agreement.

1.27.  **"Settlement Class"** means all individuals in the United States who were sent the Text Message on their cellular phone without their consent. Excluded from the Settlement Class are (1) any Judge, Magistrate Judge, or mediator presiding over this action and members of their families, (2) the Defendant, Defendant's parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers or directors, (3) Persons who properly execute and file a timely request for exclusion from the class, and (4) the legal representatives, successors or assigns of any such excluded persons.

1.28.  **"Settlement Class Member"** means a Person who falls within the definition of

10

the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

1.29. **"Settlement Fund"** means the non-reversionary cash fund that shall be established by Defendant in the total amount of Four Million and Nine Hundred and Fifty Thousand Dollars ($4,950,000.00) to be deposited into the Escrow Account, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than Four Million and Nine Hundred and Fifty Thousand Dollars ($4,950,000.00), plus the interest earned on such sum.

1.30. **"Text Message"** means or refers to the following text message that was the subject of the Action: "You are now subscribed to ComEd outage alerts. Up to 21 msgs/mo. Visit ComEd.com/text for details. T&C:agent511/tandc. STOP to unsubscribe."

1.31. **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the

11

Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived

and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of

§ 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

    1.32. *"Website Notice"* means the legal notice of the terms of this Settlement

Agreement, as approved by Class Counsel, Defendant's Counsel, and the Court, to be provided

to Settlement Class Members on a website to be hosted by the Settlement Administrator (as

further provided for in Section 4.2(e) below). The Website Notice shall be substantially similar

to the form attached hereto as Exhibit E.

## 2. SETTLEMENT RELIEF.

    2.1. **Payments to Settlement Class Members.**

        (a)    Defendant shall establish the Settlement Fund within thirty (30) days after

Preliminary Approval.

        (b)    Settlement Class Members shall have until the Claims Deadline to submit

a Claim Form. Each Settlement Class Member with an Approved Claim shall be entitled to a *pro rata* portion of the Settlement Fund by check after deducting the Settlement Administration Expenses, any Fee Award, and any incentive award.

(c)     Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check..

(d)     All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

(e)     All un-cashed checks issued to Settlement Class Members in accordance with this Agreement shall be directed to the Chicago Lawyers' Committee for Civil Rights Under Law, Inc., to be earmarked for the Settlement Assistance Project.

2.2.     **Prospective Relief:** Within one (1) year of the Effective Date, Defendant agrees that it will provide training concerning TCPA compliance to its key managers responsible for customer communications.

**3.     RELEASE**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

**4.     NOTICE TO THE CLASS.**

13

4.1.     The Notice shall include:

(a)     *Class List*. Upon execution of this Settlement Agreement, Defendant shall produce to the Settlement Administrator the list of all names, addresses, email addresses, and cellular phone numbers of the members of the Settlement Class (the "Class List"). This Class List shall identify the name, last known address, and cellular phone number of all Persons in the Settlement Class who are no longer ComEd customers. The Settlement Administrator shall use reasonable commercial services to determine current U.S. Mail addresses for former ComEd customers in the Settlement Class.

(b)     *E-mail Notice For Current and Former Customers.* No later than the Notice Date, the Settlement Administrator shall send notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form to all current and former customers in the Settlement Class for whom a valid email address is available from Defendant's records.

(c)     *Bill Insert Notice For Current Customers.* No later than the Notice Date, Defendant will include notice substantially in the form attached as Exhibit C and a Claim Form along with bill for electric services mailed to the Settlement Class who are current customers of ComEd and who receive paper billing statements.

(d)     *Postcard Notice for Former Customers*. No later than the Notice Date, the Settlement Administrator shall send notice substantially in the form attached as Exhibit D and a postcard Claim Form with return postage prepaid along via First Class U.S. Mail to members of the Settlement Class who are former ComEd customers and whose addresses are reasonably identifiable by the Settlement Administrator.

(e)     *Settlement Website.* No later than fourteen (14) days after the entry of

14

Preliminary Approval, the Website Notice shall also be provided at

ComEdTextSettlement.com which shall be developed and hosted by the Settlement

Administrator and shall include the ability to electronically file Claim Forms online. The

Website Notice shall be substantially similar to the form attached as Exhibit E.

(f) *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days

after the Agreement is filed with the Court, Defendant shall cause to be served upon the

Attorneys General of each U.S. State in which Settlement Class members reside, the

Attorney General of the United States, and other required government officials, notice of

the proposed settlement as required by law.

4.2. The Notice shall advise the Settlement Class of their rights under the Settlement,

including the right to be excluded from, comment upon, and/or object to the Settlement

Agreement or its terms. The Notice shall specify that any objection to this Settlement

Agreement, and any papers submitted in support of said objection, shall be received by the Court

at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved

by the Court and specified in the Notice, the Person making an objection shall file notice of his

or her intention to do so and at the same time (a) file copies of such papers he or she proposes to

submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers

through the Court's CM/ECF system if the objection is from a Settlement Class Member

represented by counsel, and (c) send copies of such papers via mail, hand, or overnight delivery

service to both Class Counsel and Defendant's Counsel.

4.3. Any member of the Settlement Class who intends to object to this Settlement

Agreement must include his or her name and address, include all arguments, citations, and

evidence supporting the objection (including copies of any documents relied on), state that he or

she is a Settlement Class Member, provide the cellular phone number on which he or she allegedly received the Text Message, and provide a statement whether the objector intends to appear at the Final Approval Hearing, with or without counsel, accompanied by the signature of the objecting Settlement Class Member. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

4.4. A member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion deadline, which must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and include his or her name and address, the cellular telephone number on which he or she allegedly received the Text Message, the caption for the Action (i.e., *Grant v. Commonwealth Edison Company*, No. 1:13-cv-08310 (N.D. Ill.)), and a statement that he or she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the Persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any member of the Settlement Class who elects to be

excluded shall not: (1) be bound by any orders or the Final Judgment; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; nor (4) be entitled to object to any aspect of this Settlement Agreement. "Mass" or "class" requests for exclusion shall not be allowed.

5.      **SETTLEMENT ADMINISTRATION.**

5.1.      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by Notice and processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning any Notice activities it performs, administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)      Forward to Defendant's Counsel, with copies to Class Counsel, all documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement;

(b)     Receive exclusion forms and other requests from the Settlement Class and promptly provide a copy of such requests to Class Counsel and Defendant's Counsel upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from the Settlement Class after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received;

(d)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice; and

5.2.     The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including without limitation, by cross-referencing the information provided on the Claim Form against the Class List. To the extent that a Settlement Class Member identifies a cell phone number that does not appear on the Class List, then the Settlement Administrator shall request additional information, which may include documentation, from the Settlement Class Member to demonstrate receipt of the Text Message and validate the claim. The Settlement Administrator shall reject a Claim Form where there is evidence of abuse or fraud. The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than twenty-one (21) days to provide any requested missing information.

5.3.    Both Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed-to decisions of Defendant's Counsel and Class Counsel. To the extent Defendant's Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Honorable Wayne R. Andersen (ret.), or if Judge Andersen is unavailable, a mutually agreed-upon neutral from JAMS, shall timely decide such challenge.

5.4.    In the exercise of their duties outlined in this Agreement, both the Settlement Administrator and Judge Andersen shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.5.    The Final Approval Hearing shall be set for a date no less than ninety (90) days after the Notice described in Paragraph 4.1(f) is disseminated.

5.6.    The Settlement Administrator and Class Counsel shall keep the Class List and all personal information obtained therefrom, including the identity, telephone numbers, email addresses, and U.S. mailing addresses of the Settlement Class strictly confidential. The Parties agree that the Class List may not be used for any purpose other than effectuating the terms of this Agreement or the duties or obligations arising hereunder.

## 6.    TERMINATION OF SETTLEMENT.

6.1.    Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this

Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. The Defendant shall have the right, but not the obligation, to terminate this Agreement at any time at or prior to the Final Approval Hearing if more than 5,000 members of the Settlement Class request exclusion from the Settlement Class pursuant to Section 4.4.

**7. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1. Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of the order granting Preliminary Approval, which shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A,B,C, D, and E attached hereto.

7.2. At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendant's Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.3. After Notice is given, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

(a) find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement

Agreement, including all attached exhibits;

(b)      approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties;

(c)      find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

(d)      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)      dismiss the Action on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(f)      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) that (1) shall be consistent in all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members; and

(i)     incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.

8.1.     Class Counsel will apply to the Court for an award of reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. The maximum amount of Class Counsel's petition shall be identified in the Notice. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

8.2.     Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Settlement Fund within fourteen (14) days after the Effective Date. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after

22

providing necessary information for electronic transfer.

8.3.    In addition to any payment to which he may be entitled under this Agreement on account of an Approved Claim, and in recognition of the time and effort he expended on behalf of the Settlement Class, subject to the Court's approval, the Class Representative shall be paid from the Settlement Fund an incentive award in the total amount of $5,000.00. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

8.4.    The Class Representative shall be paid the incentive award, as determined by the Court, from the Settlement Fund within fourteen (14) days after the Effective Date. Payment of the incentive award to the Class Representative shall be made via check to the Class Representative, such check to be sent care of Class Counsel.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

9.1.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

(a)    This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

(b)    The Court has entered an order granting Preliminary Approval of the Agreement;

(c)    The Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or

23

a judgment substantially consistent with this Agreement; and

(d)     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become Final.

9.2.     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representative, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1, or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into and, pursuant to Paragraph 10.4 below, this Agreement shall not be used for any purpose whatsoever against any

24

of the Parties.

**10. MISCELLANEOUS PROVISIONS.**

10.1     The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.3     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.4     Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this

26

Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(e)     is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

10.8    This Agreement and its Exhibits set forth the entire agreement and understanding

of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.9    Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in anyway related to the Action.

10.10   Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

10.11   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.12   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13   The Court shall retain jurisdiction with respect to implementation and

28

enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.14   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.15   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms'-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.16   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| **If to Plaintiff's Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| Ari J. Scharg | Seamus Duffy |
| EDELSON PC | DRINKER BIDDLE & REATH LLP |
| 350 North LaSalle Street, Suite 1300 | One Logan Square, Ste. 2000 |
| Chicago, Illinois 60654 | Philadelphia, Pennsylvania 19103 |

[SIGNATURES APPEAR ON FOLLOWING PAGE.]

29

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**MICHAEL GRANT**, individually and on behalf of the Settlement Class,

Dated: _____     By: _____

**EDELSON PC**
Attorneys for Plaintiff Michael Grant

Dated: _____     By: _____
Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
John C. Ochoa

Dated: _____     **COMMONWEALTH EDISON COMPANY.**

By: _____

Its  _____

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant ComEd

Dated: _____     By: _____
Seamus Duffy
Leslie Davis

# Exhibit A

## OUTAGE ALERT TEXT MESSAGE SETTLEMENT CLAIM FORM

First Name

Last Name

Address

City

State

ZIP Code

Cellular Telephone Number that Received the Text Message

Complete and sign the following declaration to affirm that you received one or more of the calls at issue in this lawsuit:

I, 

(print your full name) submit this declaration that I received a text message from ComEd without my consent at the above cellular telephone number stating that I have been subscribed to ComEd outage alerts.

M M / D D / Y Y Y Y

Signature

# Exhibit B

FROM: OUTAGEALERTTEXTMSGSETTLEMENT@COMED.COM
TO: JOHNQCLASSMEMBER@GMAIL.COM
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU RECEIVED A TEXT MESSAGE FROM COMED ON YOUR CELL PHONE STATING
THAT YOU HAVE BEEN SUBSCRIBED TO COMED'S OUTAGE ALERTS,
A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit against electric utility company **Commonwealth Edison Company** ("ComEd"). The lawsuit alleges that ComEd violated federal law by sending unsolicited text messages to cellular telephones saying consumers were subscribed to ComEd outage alerts. ComEd denies any wrongdoing, and the settlement does not establish that any law has been broken. The lawsuit is called *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310, and is in the U.S. District Court for the Northern District of Illinois.

• **Why Am I Being Contacted?** Our records show you may be a "Settlement Class Member" entitled to payment under the Settlement. Settlement Class Members are all individuals in the United States who received the following text message without consent: "You are now subscribed to ComEd outage alerts. Up to 21 msg/mo. Visit ComEd.com/text for details. T&C:agent511/tandc. STOP to unsubscribe."

• **What Can I Get from the Settlement?** If you're eligible and the Court approves the settlement, you can receive an equal share of a $4.95 million Settlement Fund, after the payment of expenses and fees, in the form of a cash payment. This payment is estimated to be $50, but may be more or less depending on the number of claims filed.

• **How Do I Get My Payment?** Just click here and complete the short and simple Claim Form. More information is available at www.ComEdTextSettlement.com. You can also call [settlement admin phone number] to request a paper copy of the Claim Form. ***All Claim Forms must be received by [claims deadline].***

• **What Are My Options?** You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing or submit a Claim Form, you won't be able to sue ComEd in a future lawsuit about the claims addressed in the Settlement and you will be bound by the decision of the court. If you exclude yourself, you won't get a payment—but you'll keep your right to sue ComEd on the issues the settlement concerns. You must contact the settlement administrator by mail to exclude yourself. You can also object to the settlement if you disagree with any of its terms. ***All Requests for Exclusion and Objections must be received by [exclusion/objection deadline].***

• **Do I Have a Lawyer?** Yes. The Court has appointed lawyers from Edelson PC to represent you as "Class Counsel." You will not be charged for these lawyers. You can hire your own lawyer, but you'll need to pay your own legal fees. The Court has also chosen Michael Grant—a class member like you—to represent the Class.

• **When Will the Court Approve the Settlement?** The Court will hold a final approval hearing on [date] at [time] at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604, Courtroom 2125. You may appear at this hearing, but you do not have to. At the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses up to 36% of the Settlement Fund and an incentive award to the class representative. These requests will be posted on the settlement website on [date].

***Visit www.ComEdTextSettlement.com for complete information.***

# Exhibit C

**IF YOU RECEIVED A TEXT MESSAGE FROM COMED ON YOUR CELL PHONE STATING THAT YOU WERE SUBSCRIBED TO OUTAGE ALERTS, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

A settlement has been reached in a class action lawsuit against electric utility company **Commonwealth Edison Company** ("ComEd"). The lawsuit alleges that ComEd violated federal law by sending unsolicited text messages to cellular telephones saying consumers were subscribed to ComEd outage alerts. ComEd denies any wrongdoing, and the settlement does not establish that any law has been broken. The lawsuit is called *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310, and is in the U.S. District Court for the Northern District of Illinois.

**Why am I being contacted?** Our records show you may be a "Settlement Class Member" entitled to payment under the Settlement. Settlement Class Members are all individuals in the United States who received following text message without consent: "You are now subscribed to ComEd outage alerts. Up to 21 msg/mo. Visit ComEd.com/text for details. T&C:agent511/tandc. STOP to unsubscribe."

**What can I get from the settlement?** If you're eligible and the Court approves the settlement, you can receive an equal share of a $4.95 million Settlement Fund, after the payment of expenses and fees, in the form of a cash payment. This payment is estimated to be $50, but may be more or less depending on the number of claims filed.

**How do I get my payment?** Just complete the short and simple Claim Form in this envelope or the electronic Claim Form available at www.ComEdTextSettlement.com. *All Claim Forms must be received by [claims deadline].*

**What are my options?** You can do nothing, submit a Claim Form, comment on or object to any part of the settlement terms, or exclude yourself from the settlement. If you do nothing or submit a Claim Form, you won't be able to sue ComEd in a future lawsuit about the claims in the settlement, and you will be bound by the decision of the court. If you exclude yourself, you won't get a payment—but you'll keep your right to sue ComEd on the issues in the settlement. You must contact the settlement administrator by mail to exclude yourself. You can also object to the settlement if you disagree with any of its terms. *All Requests for Exclusion and Objections must be received by [exclusion/objection deadline].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from Edelson PC to represent you as "Class Counsel." You will not be charged for these lawyers. You can hire your own lawyer, but you'll need to pay your own legal fees. The Court has also chosen Michael Grant—a class member like you—to represent the Class.

**When will the Court approve the settlement?** The Court will hold a hearing on [date] at [time] at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604, Courtroom 2125. You may appear at this hearing, but you do not have to. At the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses up to 36% of the Settlement Fund and an incentive award. These requests will be posted on the settlement website on [date].

***Visit www.ComEdTextSettlement.com for complete information.***

A Federal Court authorized this notice.
This is <u>not</u> a solicitation from a lawyer.

# Exhibit D

**[4.25 x 6 postcard notice – foldover card with claim form]**

LEGAL NOTICE

*Grant v. Commonwealth Edison Company*,
Case No. 1:13-cv-08310 (N.D. Ill.)

## If you received a text message from ComEd on your cell phone stating that you were subscribed to outage alerts, a class action settlement may affect your rights.

A Federal Court authorized this notice.
You are not being sued.
This is not a solicitation from a lawyer.

***See reverse for details. For complete information, visit www.ComEdText Settlement.com or call [admin phone].***

Outage Alert
Text Message Settlement
[admin address]

First-Class
Mail
US Postage
Paid
Permit #___

<<BARCODE>>
Postal Service: Please do not mark barcode.

<<FIRST>><<LAST>>
<<CO>>
<<ADDR1>><<ADDR2>>
<<CITY>><<ST>><<ZIP>>
<<COUNTRY>>

---

A settlement has been reached in a class action lawsuit against electric utility company **Commonwealth Edison Company** ("ComEd"). The lawsuit alleges that ComEd violated federal law by sending unsolicited text messages to cellular telephones saying consumers were subscribed to ComEd outage alerts. ComEd denies any wrongdoing, and the settlement does not establish that any law has been broken. The lawsuit is called *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310, and is in the U.S. District Court for the Northern District of Illinois.

**Why am I being contacted?** Our records show you may be a "Settlement Class Member" entitled to payment under the Settlement. Settlement Class Members are all individuals in the United States who received following text message without consent: "You are now subscribed to ComEd outage alerts. Up to 21 msg/mo. Visit ComEd.com/text for details. T&C:agent511/tandc. STOP to unsubscribe."**What can I get from the settlement?** If you're eligible and the Court approves the settlement, you can receive an equal share of a $4.95 million Settlement Fund, after the payment of expenses and fees, in the form of a cash payment. This payment is estimated to be $50, but may be more or less depending on the number of claims filed.**How do I get my payment?** Just complete the short and simple Claim Form attached to this postcard, or the electronic Claim Form available at www.ComEdTextSettlement.com. *All Claim Forms must be received by [claims deadline].*

**What are my options?** You can do nothing, submit a Claim Form, comment on or object to any part of the settlement terms, or exclude yourself from the settlement. If you do nothing or submit a Claim Form, you won't be able to sue ComEd in a future lawsuit about the claims in the settlement and you will be bound by the decision of the Court. If you exclude yourself, you won't get a payment—but you'll keep your right to sue ComEd on the issues in the settlement. You must contact the settlement administrator by mail to exclude yourself. You can also object to the settlement if you disagree with any of its terms. *All Requests for Exclusion and Objections must be received by [exclusion/objection deadline].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from Edelson PC to represent you as "Class Counsel." You will not be charged for these lawyers. You can hire your own lawyer, but you'll need to pay your own legal fees. The Court has also chosen Michael Grant—a class member like you—to represent the Class.

**When will the Court approve the settlement?** The Court will hold a hearing on [date] at [time] at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604, Courtroom 2125. You may appear at this hearing, but you do not have to. At the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses up to 36% of the Settlement Fund and an incentive award. These requests will be posted on the settlement website on [date].

***Visit www.ComEdTextSettlement.com for complete information.***

**OUTAGE ALERT TEXT MESSAGE SETTLEMENT CLAIM FORM**

First Name

Last Name

Address

City

State

ZIP Code

Cellular Telephone Number that Received the Text Message

(     )     -     .

Complete and sign the following declaration to affirm that you received one or more of the calls at issue in this lawsuit:

I,

(print your full name) submit this declaration that I received a text message from ComEd without my consent at the above cellular telephone number stating that I have been subscribed to ComEd outage alerts.

Signature

/ M M / D D / Y Y Y Y

First-Class
Mail
US Postage
Paid
Permit #___

Outage Alert Text
Message Settlement
[admin address]

# Exhibit E

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Grant v. Commonwealth Edison Company,* Case No. 1:13-cv-08310

# If you received a text message from ComEd on your cell phone stating that you were subscribed to outage alerts, a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against **Commonwealth Edison Company** ("ComEd" or "Defendant"). The lawsuit alleges that ComEd sent unsolicited text messages to cellular telephones using an automatic telephone dialing system. The text messages stated that consumers were subscribed to ComEd outage alerts.

- You are included in the Settlement if you received a received a text message without your consent from ComEd stating that you have been subscribed to ComEd outage alerts.

- Those included in the Settlement will be eligible to receive an equal share of a $4.95 million settlement fund that ComEd has agreed to establish. Each individual who submits a valid claim will receive a portion of this fund estimated to be $50 after all notice and administration costs, the incentive award, and attorneys' fees have been paid. The amount of the payment may go up or down depending on the number of claims received. ComEd has also agreed that it will provide TCPA training to its key employees who manage customer communications.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Defendant about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue the Defendant about the issues in this case |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A Court authorized this notice to let you know about a proposed Settlement with the Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Gary Feinerman of the U.S. District Court for the Northern District of Illinois is overseeing this class action. The case is called *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310. The person who filed the lawsuit, Michael Grant, is the Plaintiff. The company he sued, ComEd, is the Defendant. You need not live in Illinois to get a payment under the Settlement.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Michael Grant—sue on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that ComEd sent unsolicited text messages to cellular telephones using an automatic telephone dialing system. The text messages stated that consumers were subscribed to ComEd outage alerts. The lawsuit alleges ComEd violated a federal law called the Telephone Consumer Protection Act because consumers did not agree to receive these text messages and they were not sent about an actual emergency.

ComEd denies these allegations and is entering into the settlement to avoid time-consuming and expensive litigation. The settlement is not an admission of wrongdoing by ComEd. More information about the complaint in the lawsuit and the Defendant's answer can be found in the "Court Documents" section of the settlement website at www.ComEdTextSettlement.com

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they can avoid the uncertainty and expense of ongoing litigation, and Class Members will get compensation now rather than years later—if ever. Plaintiff Grant and his attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that this Settlement includes a Class of all individuals in the United States to whom ComEd sent the outage alert enrollment text message to their cellular telephones without their consent. The outage alert text message stated:

> You are now subscribed to ComEd outage alerts. Up to 21 msg/mo. Visit
> ComEd.com/text for details. T&C:agent511/tandc. STOP to unsubscribe.

If you meet the above definition, you are a Class Member. Most Class Members will receive an email, bill insert, or postcard summarizing this notice, which will include a claim form. Claim forms can also be submitted electronically at www.ComEdTextSettlement.com.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

**Cash Payments to Class Members:** Defendant has agreed to create a $4.95 million Settlement Fund, from which Class Members may claim cash payments. To receive a payment, Class Members must submit a valid claim before the deadline on [claims deadline]. The amount Class Members will receive will depend on the total number of valid claims received, but is estimated to be $50. If the number of valid claims is low, then the amount of individual payments will increase, up to a $500 maximum payment. But if the number of valid claims is high, then the amount of individual payments will decrease.

All un-cashed checks issued to Class Members and any unclaimed money in the Settlement Fund will be automatically equally redistributed to the other claiming Class Members.

**Change In ComEd's Practices:** As part of the Settlement, ComEd has also agreed that it will provide TCPA training to its key employees who manage customer communications.

## HOW TO GET BENEFITS

### 7. How do I make a claim?

If you want to get settlement benefits, you must fill out and submit a valid claim form. A claim form is available on the settlement website (www.ComEdTextSettlement.com) and can be filled out and submitted online. A claim form was also included in your ComEd bill along with a summary of this notice or you may have received a postcard in the mail about the Settlement with a paper claim form attached to it. You can also get a paper claim form by calling [Settlement Admin number]. We encourage you to submit a claim online. It's faster and it's free.

The Claim Form requires you to provide the following information: (1) your name, (2) current address, (3) the cellular telephone number at which you received the text message, and (4) a sworn statement that you received this text message without your consent.

### 8. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Settlement Administrator will be sent a check in approximately [XX] days. Please be patient. All checks will expire and become void 90 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Jay Edelson, Rafey S. Balabanian, and Ari J. Scharg of Edelson PC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." Class Counsel can be reached by calling 1-866-354-3015. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Plaintiff Michael Grant to serve as the Class Representative. Like you, he's a Class Member.

| **10. How will the lawyers be paid?** |
|---|

Class Counsel will ask the Court for attorneys' fees and expenses of up to 36% of the Settlement Fund. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel. The Court may award less than the amount requested.

Class Counsel will request a service award (also known as an "incentive" award) for the Class Representative of up to $5,000 from the Settlement Fund for his services as class representative and his efforts in bringing the this case. The Court will make the final decision as to the amount to be paid to the Class Representative. The Court may award less than the amount requested.

Class Counsel will file with the Court and post on the settlement website their request for attorneys' fees and expenses and request for an incentive award to the Class Representative two weeks before the objection deadline of [**date 2 weeks before objection deadline**]. Any money not awarded will stay in the Settlement Fund to pay Class Members.

## YOUR RIGHTS AND OPTIONS

| **11. What happens if I do nothing at all?** |
|---|

If you do nothing, you will receive no payment under the Settlement, you will be in the Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

| **12. What happens if I ask to be excluded?** |
|---|

If you exclude yourself from the Settlement, you can't claim any money under the Settlement. You will keep your right to start your own lawsuit against Defendant for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Class and the Defendant in this class action.

| **13. How do I ask to be excluded?** |
|---|

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310 (N.D. Ill.). Your letter must also include your (1) name and address, (2) the cellular telephone number at which you received the text message, (3) a statement that you wish to be excluded from the Class, and (4) your signature. You must mail your exclusion request no later than [**objection / exclusion deadline**] to:

*Grant v. Commonwealth Edison Company* Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

You can't exclude yourself on the phone or by email.

| **14. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

| **15. If I exclude myself, can I get anything from this Settlement?** |
| --- |

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

| **16. How do I object to the Settlement?** |
| --- |

If you do not exclude yourself from the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310 (N.D. Ill.) no later than **[objection / exclusion deadline]**. Your objection should be sent to the United States District Court for the Northern District of Illinois at the following address:

Clerk of Court
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection through the Court's CM/ECF system. Include your lawyer's contact information in the objection.

The objection must be in writing and include the case name *Grant v. Commonwealth Edison Company*, Case No. 1:13-cv-08310 (N.D. Ill.). Your objection must be personally signed and include the following information: (1) your name and address, (2) all arguments, citations, and evidence supporting your objection, including copies of any documents you rely on, (3) a statement that you are a Class Member, and (4) the cellular telephone number at which you received the text message. If you wish to appear and be heard at the hearing on the fairness of the Settlement, you or your attorney must say so in your written objection.

In addition to filing your objection with the Court, you must send copies of your objection and any supporting documents to both Class Counsel and the Defendant's lawyers at the addresses listed below:

| Class Counsel | Defense Counsel |
| --- | --- |
| Ari J. Scharg | Seamus Duffy |
| EDELSON PC | DRINKER BIDDLE & REATH LLP |
| 350 North LaSalle Street | One Logan Square |
| Suite 1300 | Suite 2000 |
| Chicago, IL 60654 | Philadelphia, Pennsylvania 19103 |

**17. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**18. When and where will the Court hold a hearing on the fairness of the Settlement?**

The Court will hold the final fairness hearing at [time] on [date], before the Honorable Gary Feinerman at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 in Courtroom 2125. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.ComEdTextSettlement.com or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

**20. May I speak at the hearing?**

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## GETTING MORE INFORMATION

**21. Where can I get additional information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.ComEdTextSettlement.com, contact Class Counsel at 1-866-354-3015, access the Court docket in this case through the Court's PACER system at https://ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**